U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED JAN 31 2007
CLERK'S OFFICE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-33-JJB-DLD |
| *versus* | |
| JOSE RIVERA<br>a/k/a JOSE RIVERA LOPEZ | |

## PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to a Bill of Information charging illegal use of a social security number, in violation of Title 42, United States Code, Section 408(a)(7)(B).

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, the United States will move to dismiss the Indictment in Criminal No. 05-33-JJB-DLD, at the time of sentencing, and no additional criminal charges related to the violations contained in the Indictment and Bill of Information will be brought against the defendant in this District.

3.

The defendant understands that the Bill of Information charges illegal use of a social security number in the Southern District of Texas. The defendant waives any objection to being charged with such a violation in the Middle District of Louisiana.

4.

The defendant agrees to fully and truthfully complete the financial statement provided to him by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten days of this agreement being filed with the Court. Further, upon request, he agrees to provide the Office of the United States Attorney with any information or documentation in his possession regarding his financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide

this information whenever requested until such time as any judgment or claim against him, including principal, interest, and penalties is discharged or satisfied in full. This information will be utilized to evaluate his capacity to pay the government's claim or judgment against him, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, he may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against him. The defendant's plea of guilty may not be withdrawn.

5.

The defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

6.

The defendant understands that, as a result of this Plea Agreement, he could receive a maximum sentence of five years imprisonment, a $250,000 fine, or both. In addition, the Court must impose a special assessment of $100, which the defendant agrees to pay at the time of sentencing. The Court may also order restitution in accordance with law. The defendant understands that, if the Court imposes a term of imprisonment, he may also receive a term of supervised release after imprisonment of not more than three years. The defendant further understands that supervised release is a period of supervision during which time he must comply

with certain rules. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of not more than two years, without credit for any time already served on the term of supervised release. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing.

7.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the Federal Rules of Criminal Procedure and pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the following factual basis:

> On or about April 9, 2003, in the Southern District of Texas, the defendant represented that the Social Security Account Number XXX-XX-7645 was in fact his Social Security Account Number when he completed the IRS Form W-4 Employee's Withholding Allowance Certificate in order to apply for and obtain employment with WBW Enterprises of Texas, L.L.C., d.b.a. World Wide Drilling.
>
> A Social Security Account Number verification for XXX-XX-7645 showed that this Social Security Account Number was not assigned to the defendant by the Commissioner of Social Security.
>
> The defendant acted knowingly and with intent to deceive WBW Enterprises of Texas, L.L.C., d.b.a. World Wide Drilling, when he completed the IRS Form W-4 Employee's Withholding Allowance Certificate using a Social Security Account Number that had not been assigned to him for the purpose of obtaining employment with World Wide Drilling.

The defendant understands that the Court is not bound by this stipulation.

8.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the

plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

9.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to him as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that he has not been threatened, intimidated, or coerced in any manner.

10.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that he fully understands the agreement. The defendant has no objection to the legal representation he has received.

This Plea Agreement is entered into this 23rd day of January, 2007, at Baton Rouge, Louisiana.

_Jose Rivera_
JOSE RIVERA
DEFENDANT

_Joseph K Scott_
JOSEPH K. SCOTT, III, LBN 28223
ATTORNEY FOR DEFENDANT
830 Main Street
Baton Rouge, LA 70802
Telephone: (225) 381-8080
Fax: (225) 336-4667

UNITED STATES OF AMERICA, by

DAVID R. DUGAS, LBN 5134
UNITED STATES ATTORNEY

RICHARD L. BOURGEOIS, JR. LBN 28874
ASSISTANT U.S. ATTORNEY
777 Florida Street, Suite 208
Baton Rouge, LA 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561

4